UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTEN MCGONIGAL, and<br>VANESSA THEDE, | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | Case No. 1:21-cv-00584 |
| v. | )<br>) | Hon. Steven C. Seeger |
| BOARD OF TRUSTEES OF<br>COMMUNITY COLLEGE DISTRICT<br>NO. 502 DUPAGE COUNTY, ILLINOIS,<br>et al, | )<br>)<br>)<br>)<br>) | |
| Defendants, | )<br>) | |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.    Nature of the Case**

    **A.    Attorneys of Record**

        Attorneys for Plaintiffs Kristen McGonigal and Vanessa Thede
            Firm:      Gardiner Koch Weisberg & Wrona
            Attorneys:  Thomas G. Gardiner (Lead)
                          Maelene J. Torres
                          John D. Scheflow

        Attorneys for Defendants Board of Trustees for Community College District No. 502[1] ("College"), Charles Bernstein Annette Corrigan, Christine Fenne, Heidi Holan, Dan Markwell, and Frank Napolitano (individual defendants referred to as "Trustees")

---

[1] Plaintiffs have agreed to dismiss the party named as "College of DuPage" as it is not a proper party to this action and is duplicative of "Board of Trustees of Community College District No. 502." 110 ILCS 805/3-11.

|  |  |
|---|---|
| Firm: | Rathje Woodward LLC |
| Attorneys: | Emily A. Shupe |
|  | Heather L. Kramer |
|  | David P. Hollander |
|  | Anthony M. DeLongis |

Attorneys for Defendant Maureen Dunne ("Trustee Dunne")

|  |  |
|---|---|
| Firm: | Konicek & Dillon, P.C. |
| Attorneys: | Daniel F. Konicek |
|  | Amanda J. Hamilton |

**B.     Jurisdiction**

Jurisdiction is proper in this Court because it has original jurisdiction over the federal questions and claims raised in the Complaint pursuant to 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**C.     Overview of the Case**

Plaintiffs are former employees of the Office of Student Financial Assistance at the College. Plaintiffs allege that they were improperly discharged from their positions under the pretext that they conducted a secondary business while employed by Defendants. Plaintiffs contend that they were discharged as a result of their complaints concerning the College's practices relating to the disbursement and refunding of student financial aid and the hiring process for a new manager of the Office of Student Financial Assistance.

The Defendants deny any allegations of wrongdoing, including that the Plaintiffs were discharged for a pretextual reason.

**D.     Claims, Counterclaims, and Defenses**

Plaintiffs assert five Counts: wrongful discharge (Count I), wrongful termination pursuant to the Illinois Whistle Blower Act (745 ILCS 174/20) (Count II), retaliation under the First and Fourteenth Amendments (Count III), breach of contract (Count IV), and Due Process violation of employment interest under the First and Fourteenth Amendments (Count V). Counts I and II are directed against the Individual Trustees as well as against the College, and Counts III, IV, and V are directed against the College only.

The Individual Trustees (including Trustee Dunne) have filed Motions to Dismiss Counts I and II pursuant to Rule 12(b)(6) and therefore have not answered the Complaint or filed any affirmative defenses or counterclaims at this time.

The College has filed a motion to dismiss pursuant to Rule 12(b)(6), which seeks the dismissal of Counts II, IV, and V.

The College filed an answer with respect to Counts I and III. In its answer, the College T asserts affirmative defenses based on the following: (i) Plaintiffs' failure to state a claim for relief; (ii) the Illinois Local Government and Governmental Employees Tort Immunity Act; (iii) the statute of limitations; (iv) Plaintiffs' own misconduct; (v) the doctrines of waiver, estoppel, unjust enrichment, unclean hands and other equitable considerations; (vi) the failure to mitigate damages; and (vii) the College's inability to be held vicariously liable.

E. **Principal Factual Issues**

The principal factual issues concern: (a) the process by which Defendants fired Plaintiffs; (b) the reason that Defendants fired Plaintiffs; (c) the process by which the College sought to hire a new manager for the Office of Student Financial Assistance; (d) the College's practices relating to the issuing, disbursing and refunding of student financial aid funds; (e) Plaintiffs' communications with the College and others regarding the hiring process and the issuing, disbursing and refunding student financial aid funds; (f) Plaintiffs' participation or lack of participation in the hiring process and the issuing, disbursing and refunding student financial aid fund; and (g) Plaintiffs' purported damages.

F. **Principal Legal Issues**

The principal legal issues are: (a) whether the Defendants' termination of Plaintiffs violates Illinois law, the Illinois Whistleblower Act, and the First and Fourteenth Amendments; (b) whether the College's employee guidebooks create a binding contract; (c) whether the manner in which Defendants terminated Plaintiffs breached any contract ; (d) whether the manner in which Defendants terminated Plaintiffs deprived Plaintiffs their due process rights; (e) whether the Trustees and Trustee Dunne can be sued in their "official capacity" or their "individual capacity;" (f) whether the Trustees and Trustee Dunne can be sued for retaliatory discharge; (g) whether Plaintiffs' claims and damages are barred, in whole or in part, by the Illinois Tort Immunity Act; (h) whether the Trustees and Trustee Dunne are "employers" under the Illinois Whistleblower Act; (i) whether Plaintiffs engaged in constitutionally protected speech; (j) whether any alleged misconduct by Plaintiffs was the result of their terminations; (k) whether Plaintiffs' claims are barred, in whole or in part, because the College cannot be held vicariously liable for constitutional violations; and (l) whether Plaintiffs are entitled to damages.

G. **Relief Sought**

Plaintiffs seek all actual, general, special, incidental, statutory, punitive, and consequential damages resulting from Plaintiffs' wrongful termination as well as pre-judgment and post-judgment interest, punitive damages, and attorneys' fees. However, further discovery and information is needed to determine even a ballpark figure for a damages calculation.

Defendants deny that Plaintiffs are entitled to the relief requested.

3

    **H.**    **Service**

        Service has been waived as to all Defendants and executed waivers of service have been filed with the Court.

**II.**    **Discovery**

    As an initial matter, Defendants state that there are three pending motions to dismiss that could result in the dismissal of certain claims and parties from this case. Specifically, the Trustees and Trustee Dunne could be dismissed entirely from the case as they contend they are improperly named and cannot be held liable for any of Plaintiffs' claims. Further, the College has moved to dismiss Counts II, IV, and V. As a result, to streamline discovery and avoid unnecessary expense, Defendants request that discovery be stayed pending a ruling on the motions to dismiss. To the extent Plaintiffs seek discovery relating to the motions to dismiss, Defendants reserve their right to bring a motion to stay discovery as the motions to dismiss are based on the pleadings.

    Plaintiffs disagree with Defendants' position regarding discovery because Defendants have not provided a sufficient basis for a stay nor filed a motion on the matter. Additionally, the College has answered Counts I and III, and the case is proceeding regardless of the outcomes of the motions to dismiss, which weighs in favor of allowing discovery to proceed as to all Defendants.

    Alternatively, Trustees and Trustee Dunne request that all discovery, including initial disclosures, be stayed as to them until the Court has ruled on their motions to dismiss. Plaintiffs request that the Court allow discovery to proceed without delay. However, Plaintiffs acknowledge that Trustees and Trustee Dunne's motions to dismiss are dispositive, which provides some support for staying discovery as to them, but Defendants lack any real support to stay discovery as to the College.

    In the event the Court disagrees with Defendants' position to stay discovery, the parties discussed the following discovery issues and report as follows.

    A.    The Discovery Schedule is as follows:

| Event | Deadline |
|---|---|
| Initial Disclosures | May 28, 2021 |
| Plaintiff's Response to Defendants Motions to Dismiss | June 11, 2021 |
| Defendants' Replies in Support of Motions to Dismiss | July 2, 2021 |
| Service of process on any "John Does" | July 6, 2021 |
| Amendment to the pleadings | October 1, 2021 |
| Completion of Fact Discovery | April 14, 2022 |

| | |
|---|---|
| Disclosure of Plaintiff's Expert Report(s) | April 29, 2022 |
| Deposition of Plaintiff's Expert | May 27, 2022 |
| Disclosure of Defendant's Expert Report(s) | June 29 , 2022 |
| Deposition of Defendant's Expert | July 29, 2022 |
| Completion of Expert Discovery | August 12, 2022 |
| Dispositive Motions | September 16, 2022 |

    **B.**    **Depositions**

Plaintiffs expect to take numerous depositions approaching the limits of 10 per party and informed Defendants about this possibility. The parties agreed to address this issue as discovery progresses. Defendants reserve any objection to Plaintiffs' contention they are entitled to 10 depositions per party.

At this time, the College and Trustees do not believe they need to depose more than 10 individuals.

    **C.**    **Special Issues During Discovery**

The parties generally agree that a protective order and Rule 502 order will be necessary in this case. The College has also identified that an additional order or measures may need to be taken regarding the production of documents pursuant to the Family Educational Rights and Privacy Act ("FERPA")..

    **D.**    **Discovery plan**

The parties have discussed the items identified in Rule 26(f)(3) and where appropriate, included the deadline for those items in the proposed discovery schedule or addressed the issues in this report.

**III.**    **Trial**

    A. Plaintiffs have requested a trial by jury.

    B. Plaintiffs estimate that at least two weeks or 7 to 10 trial days will be needed for trial.

**IV.**    **Settlement, Referrals, and Consent**

    A.    **Settlement**

The parties agreed that it is too soon to discuss settlement in any meaningful manner during the parties' conference, and no meaningful or substantive discussions were had. Plaintiffs have not made a written settlement demand.

    B.    **Settlement Conference**

At this time, the parties do not request a settlement conference before this Court or the Magistrate Judge.

    C.    **Consent**

The parties do not consent to the jurisdiction of the Magistrate Judge.

## V. Other

A. Plaintiffs have requested additional time to respond to the Defendants' three motions to dismiss and proposed a briefing schedule in the scheduling order.

| | |
|---|---|
| */s/ John D. Scheflow* | */s/ Heather L. Kramer* |
| Thomas G. Gardiner | Emily A. Shupe |
| Maelene J. Torres | Heather L. Kramer |
| John D. Scheflow | David P. Hollander |
| GARDINER KOCH WEISBERG & WRONA | Anthony M. DeLongis |
| 53 W. Jackson Blvd., Suite 950 | RATHJE WOODWARD LLC |
| Chicago, Illinois 60604 | 300 E. Roosevelt Rd., Suite 300 |
| 312.362.0000 (phone) | Wheaton, IL 60187 |
| 312.362.0440 (fax) | Tel. 630-668-8500 |
| tgardiner@gkwwlaw.com | eshupe@rathjewoodward.com |
| mtorres@gkwwlaw.com | hkramer@rathjewoodward.com |
| jscheflow@gkwwlaw.com | dhollander@rathjewoodward.com |
| | adelongis@rathjewoodward.com |
| *Attorneys for Plaintiffs* | *Attorneys for Board of Trustees of Community College District No. 502, Charles Bernstein, Annette Corrigan, Christine Fenne, Heidi Holan, Dan Markwell, and Frank Napolitano* |

*/s/ Amanda J. Hamilton*
Daniel F. Konicek (#6205408)
Amanda J. Hamilton (#6306098)
KONICEK & DILLON, P.C.
21 W. State St.
Geneva, IL 60134
Phone: 630.262.9655
FAX: 630.262.9659

dan@konicekdillonlaw.com
amanda@konicekdillonlaw.com

*Attorneys for Trustee Maureen Dunne*